1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST CO., | ) | |
| Plaintiff(s), | ) ) | Case No. 2:15-cv-00573-MMD-NJK |
| vs. | ) ) | ORDER GRANTING MOTION TO SERVE BY PUBLICATION AND MOTION TO EXTEND TIME |
| JAMES D. HAMMER, et al., | ) ) | TO SERVE |
| Defendant(s). | ) ) | (Docket Nos. 8, 10) |
| | ) | |

11

12

13

14

15

16    Pending before the Court is Plaintiff's motion to serve by publication. Docket No. 8. Also

17  pending before the Court is Plaintiff's motion to extend time to serve. Docket No. 10. The Court finds

18  the motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed

19  below, the motions are hereby **GRANTED**.

20  **I.     MOTION TO SERVE BY PUBLICATION**

21    The pending motion seeks leave to allow service by publication on Defendants James D.

22  Hammer and Big Investors, LLC. Docket No. 8. Service by publication implicates a defendant's

23  fundamental due process rights. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

24  314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is

25  generally disfavored. *See, e.g.*, *Trs. of the Nev. Resort Ass'n v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis.

26  106456, *2 (D. Nev. July 29, 2013).

27  . . .

28  . . .

1    Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in

2    which the district court is located, or in which service is effected."  Under Nevada Rule of Civil

3    Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon

4    defendants.  When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party

5    may file a motion for service by publication when the opposing party "resides out of the state, or has

6    departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks

7    to avoid the service of summons."  When service of the summons is made by publication, the summons

8    shall, in addition to any special statutory requirements, also contain a brief statement of the object of the

9    action.  NRCP 4(b).

10    A party moving for service by publication must seek leave of court by filing an affidavit

11    demonstrating he diligently attempted to personally serve the defendant.  There are several factors courts

12    consider to evaluate a party's due diligence, including the number of attempts made to serve the

13    defendants at their residence and other methods of locating defendants, such as consulting public

14    directories and family members.  *See Price*, 787 P.2d at 786-87.  *See also Abreu v. Gilmer*, 985 P.2d

15    746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

16    Here, the Court finds that Plaintiff has diligently attempted to serve Defendants James D.

17    Hammer and Big Investors, LLC on multiple occasions at numerous addresses.  *See* Docket No. 8 at 6-

18    10.  For example, Plaintiff  hired a process server who attempted to serve Defendants at five different

19    addresses in Nevada, *Id.*, at 6-10.  In total, Plaintiff attempted to serve Defendants on thirteen occasions.

20    *See id.*, at 6-10.  Moreover, the process server also attempted unsuccessfully to locate additional

21    addresses for Defendants utilizing multiple databases and investigative sources.  *Id.*, at 6-10.  The Court

22    will therefore permit Plaintiff to serve Defendants by publication.

23    **II.    MOTION TO EXTEND TIME FOR SERVICE**

24    Plaintiff also requests additional time to complete service.  Docket No. 10.  Pursuant to Federal

25    Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed,

26    the court . . . must dismiss the action without prejudice against that defendant or order that service be

27    made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend

28    the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Here, service was supposed to be completed by July 27, 2015.  *See* Docket No. 1.  Plaintiff has shown that it is actively trying to pursue this litigation and, although it needs more time, has made several attempts to serve Defendants.  *See* Docket No. 10.  Therefore, good cause exists to extend the service deadline by 90 days.

**III.    CONCLUSION**

Accordingly, for the reasons discussed above,

IT IS SO ORDERED:

1.      Plaintiff's motion to serve by publication (Docket No. 8) is hereby **GRANTED**.

2.      Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

      (a)      Serve Defendants James D. Hammer and Big Investors, LLC by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

      (b)      After publication is complete, Plaintiff shall file an Affidavit of Publication from the Nevada newspaper.

3.      Plaintiff's motion to extend time for service (Docket No. 10) is hereby **GRANTED**.  The Court hereby **EXTENDS** the time for Plaintiff to serve Defendants, pursuant to Federal Rule of Civil Procedure 4(m), by 90 days, to **October 26, 2015**.

DATED: July 28, 2015

NANCY J. KOPPE
United States Magistrate Judge